IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THERESE WESTPHAL                                                              PLAINTIFF

V.                                    4:09CV000099-JMM

LASE MED INC.; ANTONELLA
CARPENTER, Individually; JOSEPH
P. WARD, M.D., Individually;
JOSEPH P. WARD M.D. P.A.;
LASE MED INC. OF ARKANSAS                                                DEFENDANTS

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Pending is Plaintiff's motion to compel Defendant Antonella Carpenter to respond to specific questions posed during Carpenter's deposition taken on January 17, 2011. Carpenter has responded to the motion and has provided the name of the President and Treasurer of Lase Med Inc. However, Carpenter continues to object to Plaintiff's remaining requests.

Rule 26(b) of the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R.Civ. P.26(b)(1).

Plaintiff alleges that the Defendants were negligent in their treatment of her, that they violated the Arkansas Deceptive Trade Practices Act, that they committed fraud and the tort of outrage. At the deposition, Plaintiff requested the following basic information: the specific type of laser or machine used on Plaintiff and the type used for breast cancer treatment now, the methodology or protocol used to treat Plaintiff, the exact institutions from which Carpenter

claims to have received a doctorate and production of proof of her educational background, and Carpenter's age at the time she left Italy and proof of that age. The Court cannot say that this information is irrelevant or is not "reasonably calculated to lead to the discovery of admissible evidence" regarding the Defendants. Therefore, the Court directs Carpenter to provide the information requested by Plaintiff in this motion to compel on or before March 1, 2011. The Court will not require the Plaintiff to enter into the proposed protective order at this time because this information does not appear to be privileged.

Plaintiff's motion to compel discovery and the amended motion (Docket # 85 and 89) is hereby GRANTED.

IT IS SO ORDERED this 22nd day of February, 2011.

*James M. Moody*
James M. Moody
United States District Judge